UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CASEY NELSON and MAYLENE VELASCO, Individually and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| TEXAS SUGARS, INC. D/B/A MOMENTS AND CINDY KHORSHIDPANAH, | § § § § § | JURY TRIAL DEMANDED |
| Defendants. | | |

## PLAINTIFFS' ORIGINAL COMPLAINT
## COLLECTIVE ACTION & JURY DEMAND

### SUMMARY

1. This case implicates Texas Sugars, Inc. d/b/a Moments and Cindy Khorshidpanah's (collectively "Defendants") longstanding policy of misclassifying their employees as independent contractors.

2. Defendants required and/or permitted Plaintiffs Casey Nelson ("Nelson") and Maylene Velasco ("Velasco") to work as an entertainers at their adult entertainment club in excess of forty (40) hours per week, but refused to compensate them at the applicable minimum wage and overtime rate. In fact, Defendants refused to compensate Nelson and Velasco at all for the hours they worked as entertainers; their only compensation was in the form of tips from club patrons.

3. In addition to her work as an entertainer, Nelson also performed work for Defendants as a bartender. Defendants paid Nelson a per-shift rate for her bartending work, regardless of the amount of hours she worked; her only other compensation was in the form

of tips from club patrons. Defendants refused to compensate Nelson at the applicable minimum wage and overtime rate.

4. Defendants' conduct with respect to Plaintiffs violates the Fair Labor Standards Act (FLSA), which requires non-exempt employees, such as Plaintiffs, to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

5. Furthermore, Defendants' practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision as does Defendants' practice of siphoning away those tips to distribute to non-tip eligible employees. *See* 29 U.S.C. §§ 203, 206.

6. Nelson and Velasco bring a collective action to recover the unpaid wages owed to them and all other similarly situated employees, current and former, of Defendants who worked at Moments Cabaret at any time during the three year period before this Complaint was filed up to the present. These Class Members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

## SUBJECT MATTER JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. Venue is proper in the Southern District of Texas, Houston Division, because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendants' headquarters is located in this District. In particular, Nelson and Velasco worked at Defendants' club, located in Harris County, Texas, over extended periods of time.

**PARTIES AND PERSONAL JURISDICTION**

9.  Plaintiff Casey Nelson is an individual residing in Harris County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

10. Plaintiff Maylene Velasco is an individual residing in Harris County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "B."

11. The Class Members are all of Defendants' current and former exotic entertainers and/or bartenders who worked at Moments Cabaret at any time during the three years before this Complaint was filed up to the present.

12. Texas Sugars, Inc. d/b/a Moments is a domestic corporation doing business in Texas for the purpose of accumulating monetary profit. This Defendant may be served through its Registered Agent as follows: Cindy Khorshidpanah, 5133 SPENCER HWY, PASADENA, TX 77505. This Court has personal jurisdiction over this Defendant because it is considered a resident of Texas.

13. Defendant Cindy Khorshidpanah is an individual residing in Texas. Said Defendant may be served with process at her personal residence: 5211 BLOSSOM ST., HOUSTON, TX 77007-5205. This Court has personal jurisdiction over this Defendant because he is considered a resident of Texas.

**FLSA COVERAGE**

14. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

15. At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

16. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce.  29 U.S.C. § 203(s)(1).

17. Specifically, Defendants' employees have sold goods—such as alcoholic beverages and a variety of foods—that have been moved or produced in interstate commerce to Defendants' patrons.  Additionally, Defendants' employees have handled materials that have been moved or produced in interstate commerce, which were used in the course of Defendants' business operations.

18. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

19. At all material times, Nelson and Velasco were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

20. Defendant Cindy Khorshidpanah is the sole president, director and owner of Moments.

21. Defendants controlled the nature, pay structure, and employment relationship of the Nelson, Velasco, and Class Members.

22. Further, Defendants had, at all times relevant to this lawsuit, the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures. Additionally, they were responsible for the day-to-day affairs of the club. In particular, they were responsible for determining whether the club complied with the Fair Labor Standards Act.

23. As such, pursuant to 29 U.S.C. § 203(d), Defendants acted directly or indirectly in the interest of Nelson, Velasco, and Class Members' employment as their employer, which makes them individually liable under the FLSA.

## FACTS

24. Nelson, Velasco, and and Class Members have all been victimized by Defendants' common policy and plan to violate their rights under the FLSA by denying them minimum wage, proper overtime, and the tips they lawfully earned.

25. Defendants operate an adult entertainment club in Pasadena, Texas under the name of Moments.

26. Defendants employ exotic entertainers at Moments.

27. Plaintiffs Nelson and Velasco are former exotic entertainers at Defendants' adult entertainment club.

28. Plaintiffs worked on a regular basis for Defendants' club.

29. From approximately June of 2013 to November of 2015, Plaintiff Casey Nelson worked at Moments. During her first year of employment, she was strictly an exotic entertainer, after which she began bartending at Moments part time in addition to entertaining.

30. Therefore, Plaintiff Casey Nelson has first-hand personal knowledge of the pay violations at Moments.

31. From approximately December of 2014 to January of 2017, Plaintiff Maylene Velasco worked at Moments.

32. Therefore, Plaintiff Maylene Velasco has first-hand personal knowledge of the pay violations at Moments.

33. The exotic entertainers at Moments are compensated exclusively through tips from Defendants' customers.

34. Defendants did not pay the entertainers compensation for any hours worked at their establishments.

35. Defendants charged the entertainers fees per shift worked.

36. Defendants also required the entertainers to share their tips with employees who do not customarily and regularly receive tips, including the disc jockeys and the managers.

37. Defendants illegally classified the entertainers as independent contractors. However, at all times, the entertainers were employees of Defendants as that term is defined by the FLSA and relevant case law.

38. Defendants hired, fired and supervised the entertainers. Defendants also set the schedule for the entertainers. Defendants controlled the details of the entertainers' jobs including setting the prices to charge customers for dances and imposing limitations on how to interact with the clubs' customers.

39. Defendants also controlled the entertainers' appearances with respect to their attire and makeup.

40. Defendants disciplined the entertainers for not following club rules.

41. Defendants tracked the time and days the entertainers worked just as is common for typical employer-employee relationships.

42. In addition, Defendants instructed the entertainers about when, where, and how the entertainers were to perform their work.

43. The following further facts demonstrate the entertainers' status as employees:

      a)     Defendants had the sole right to hire and fire the entertainers;

      b)     Defendants provided the entertainers with music equipment and a performing stage;

      c)     Defendants controlled the entertainers' music;

      d)     Defendants supervised the entertainers; and

      e)     Defendants scheduled entertainers and as such had sole control over their opportunity for profit.

44.     Defendants misclassified Plaintiffs and Class Members as independent contractors to avoid their obligations to pay them pursuant to the FLSA.

45.     Plaintiffs and Class Members are not exempt from the overtime and minimum wage requirements under the FLSA.

46.     Although Plaintiffs and Class Members are required to and do in fact frequently work more than forty (40) hours per workweek, they are not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.  In fact, they receive no compensation whatsoever from Defendants and thus, Defendants violate the minimum wage requirement of the FLSA. *See* 29 U.S.C. § 206.

47.     Defendants' method of paying Plaintiffs in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.   Defendants misclassified Plaintiffs with the intent to avoid paying them in accordance to the FLSA.

48.     Defendants have been in the exotic dancing industry for years and are familiar with the long line of federal cases holding that entertainers in this industry are employees as that term is defined by the FLSA.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

49. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

50. Defendants' practice of failing to pay Plaintiffs and Class Members time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

51. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiffs.

## COUNT TWO: VIOLATION OF 29 U.S.C. § 206

52. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

53. Defendants' practice of failing to pay Plaintiffs and Class Members at the required minimum wage rate violates the FLSA.  29 U.S.C. § 206.  In fact, Defendants do not compensate the exotic entertainers whatsoever for any hours worked.

54. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants or Plaintiffs.

55. Defendants failed to keep adequate records of Plaintiffs' and Class Members' work hours and pay in violation of section 211(c) of the FLSA.  *See* 29 U.S.C. § 211(c).

56. Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

    a)    The time of day and day of week on which the employees' work week begins;

b) The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

c) An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d) The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

e) The hours worked each workday and total hours worked each workweek;

f) The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

g) The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

h) The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

i) The dates, amounts, and nature of the items which make up the total additions and deductions;

j) The total wages paid each pay period; and

k) The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

57. Defendants have not complied with federal law and have failed to maintain such records with respect to Plaintiffs and Class Members. Because Defendants' records are inaccurate and/or inadequate, Plaintiffs and Class Members can meet their burden under

9

the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g.*, *Anderson v. Mt. Clemens Pottery Co.*¸ 328 U.S. 680, 687 (1946).

## COLLECTIVE ACTION ALLEGATIONS

58. As part of their regular business practices, Defendants have intentionally, willfully and repeatedly harmed Plaintiffs and Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

59. Although Defendants permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty. Defendants have also denied them full compensation at the federally mandated minimum wage rate.

60. Class Members perform or have performed the same or similar work as Plaintiffs. In particular, Plaintiffs and Class Members all worked as exotic entertainers under the same conditions and subject to the same violations of the FLSA.

61. Many Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

62. Defendants have classified and continue to classify Class Members as independent contractors.

63. Class Members are not exempt from receiving overtime pay and/or minimum wage at the federally mandated minimum wage rate under the FLSA.

64. As such, Class Members are similar to Plaintiffs in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of overtime and minimum wage.

65. Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

66. The experiences of Plaintiffs, with respect to their pay, are typical of the experiences of Class Members.

67. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

68. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

69. All Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

70. Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members.

71. As such, the class of similarly situated plaintiffs is properly defined as follows:

> **The Class Members are all of Defendants' current and former exotic entertainers who worked at Moments at any time during the three years before this Complaint was filed up to the present.**

### DAMAGES SOUGHT

72. Plaintiffs and Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

73. Additionally, Plaintiffs and Class Members are entitled to recover their unpaid overtime compensation.

74. Plaintiffs and Class Members are also entitled to all of the misappropriated funds, including all funds that were charged as fees and penalties. Without repayment of such fees, Plaintiffs and Class Members will not have been paid minimum wage and overtime in accordance with the FLSA.

75. Plaintiffs and Class members are also entitled to an amount equal to all of their unpaid wages and fees as liquidated damages. 29 U.S.C. § 216(b).

76. Plaintiffs and Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## JURY DEMAND

77. Plaintiffs and Class Members hereby demand trial by jury.

## PRAYER

78. For these reasons, Plaintiffs and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

   a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

   b. All unpaid wages at the FLSA mandated minimum wage rate;

   c. All misappropriated tips;

   d. All misappropriated funds that were labeled as fees or otherwise;

   e. An equal amount of all owed wages and misappropriated funds and tips as liquidated damages as allowed under the FLSA;

   f. Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

   g. Such other relief to which Plaintiffs and Class Members may be entitled, at law or in equity.

Respectfully submitted,

WYLY & COOK, PLLC

By:   /s/ *Kelly E. Cook*
     Kelly E. Cook
     kcook@wylycooklaw.com
     State Bar No. 24062675
     S.D. Tex. Bar No: 1022069
     4101 Washington Ave. 2nd Floor
     Houston, TX 77007
     Telephone: (713) 236-8330
     Facsimile: (713) 863-8502

LEAD ATTORNEY IN CHARGE FOR PLAINTIFFS

OF COUNSEL:
Warren A. Berlanga
wberlanga@wylycooklaw.com
State Bar No. 24085199
S.D. Tex. Bar No: 2611869
4101 Washington Ave. 2nd Floor
Houston, TX 77007
Telephone: (713) 236-8330
Facsimile: (713) 863-8502