United States District Court
Southern District of Texas
ENTERED
May 04, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CASEY NELSON and MAYLENE VELASCO, Individually and on behalf of All Others Similarly Situated, | § | |
| Plaintiffs, | § | |
| V. | § | CIVIL ACTION NO. H-17-2171 |
| TEXAS SUGARS, INC. d/b/a MOMENTS, and CINDY KHORSHIDPANAH, | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**

Before the Magistrate Judge upon referral from the District Judge is Plaintiffs' Motion for Conditional Certification and Request to Send Section 216(b) Notice (Document No. 9). In that motion, Plaintiffs Casey Nelson and Maylene Velasco, who filed this FLSA case on behalf of themselves and all others similarly situated, complain that Defendants improperly classified them as independent contractors and then failed to pay them minimum wage and overtime. They seek certification of this case as a collective action of "all current or former exotic entertainers/dancers and bartenders who worked at Moments at any time during the three years before July 14, 2017 up to the present and were not paid overtime compensation or a minimum wage." Having considered the motion and the affidavit evidence submitted in support, Defendants' response in opposition (Document No. 10), the additional briefing (Document No. 11), and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Plaintiffs' Motion for Conditional Certification and Request to Send Section 216(b) Notice (Document No. 9) be GRANTED in PART and DENIED in PART.

This action arises out of alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Plaintiffs Casey Nelson and Maylene Velasco allege that they were improperly and illegally classified by Defendants as independent contractors, who then failed to pay them minimum wage and overtime. Plaintiffs seek certification of this case as a collective action. In support of their Motion for Conditional Certification, Plaintiffs have submitted their own Declarations. Plaintiff Maylene Velasco states in her Declaration, as follows:

> 2. I was an employee of Moments from around December of 2014 to January of 2017. I was employed as an exotic dancer/entertainer. My job duties consisted of performing dances and socializing with customers of Moments. I was not paid an compensation by Moments. My only pay was in the form of tips from customers of Moments. For every shift that I worked, I was required to pay fees in the form of "tips: to the DJ and manager on duty at Moments, as well as a "tipout," which was a fee I paid to Moments at the end of each shift I worked.
>
> 3. All exotic entertainers/dancers that worked at Moments were compensated the same way as I was and were subject to the same pay practices and work environment.
>
> 4. Moments acted as the employer of all the exotic entertainers/dancers that worked at the club. For example: Moments hired, fired ans supervised the entertainers; Moments set the schedule for the entertainers; Moments controlled the details of the entertainers' jobs including setting the prices to charge customers for dancers and imposing limitations on how to interact with the club's customers; Moments exercised control over the entertainers' appearances with respect to their attire and makeup; Moments disciplined the entertainers for not following club rules; and Moments tracked the time and days the entertainers worked at Moments.
>
> 5. I have personally spoken with at least seven entertainers/dancers that worked for Moments during the time I worked for Moments. These entertainers/dancers were subject to the same pay practices and employment conditions described in this Declaration. Each of these individuals has expressed an interest in joining this lawsuit.

(Document No. 9-1). Plaintiff Casey Nelson's Declaration is substantially similar to that of Maylene Velasco, but she additionally states that "[a]lthough the majority of [her] work was performed as an

entertainer, [she] also worked for Moments as a bartender and was paid a daily rate of $40 per shift for my bartending work. [She] received tips from club patrons, but no other compensation from Moments." (Document No. 9-2). Plaintiffs argue that this affidavit evidence is sufficient to meet the low threshold burden for collection action certification.

In response to Plaintiffs' Motion for Conditional Certification, Defendants maintain that Plaintiffs have not met even the low quantum of proof required for conditional certification in a case such as this. In particular, Defendants argue that the contents of the affidavits submitted are conclusory, that no showing has been made that "bartenders" and exotic entertainers/dancers employed by Defendants were "similarly situated" to each other, and that no one, in particular, has expressed an interest in opting-in to this lawsuit. Defendants also complain about the content and wording of Plaintiffs' proposed notice, arguing that: (1) it doesn't include the style or cause number of the case; (2) "[t]here is no mention of the fact that opt-in plaintiffs will be bound by the court's judgment, whether favorable *or* unfavorable;" (3) the notice does not, but should, "inform potential opt-in plaintiffs that they may contact any attorney of their choosing to discuss the case;" and (4) the notice should state that "the Court has not ruled on decided any of these issues, including the merits of the claims or defenses."

Section 16(b) of the FLSA permits an employee to bring an action "for and [on] behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). However, "[n]o employee shall be a party plaintiff to such an action unless he gives his consent in writing to become a party and such consent is filed in the court in which such action is brought." *Id.* Thus, unlike a FED. R. CIV. P. 23 class action, a representative action under § 16(b) "follows an 'opt-in' rather than an 'opt-out' procedure." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995). *See also*

*LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286 (5th Cir. 1975).

In *Hoffman-La Roche, Inc. v. Sperling*, the U.S. Supreme Court held that "district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs." 493 U.S. 165, 169, 110 S. Ct. 482, 486 (1989). Although the Fifth Circuit has not directly addressed the meaning of "similarly situated" in this context, it has reviewed two methods used to resolve this issue. The first approach, the *Shushan* method, treats the "similarly situated" inquiry as coextensive with Rule 23 class certification, and therefore, courts should look at numerosity, commonality, typicality and adequacy of representation factors to determine whether to certify a class. *See Mooney*, 54 F.3d at 1214, citing *Shushan v. Univ. of Colo.*, 132 F.R.D. 263 (D. Colo. 1990). The second approach involves a two-stage class certification set forth in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 359 (D. N.J. 1987). *See Mooney*, 54 F.3d at 1213. The two-stage process consists of a "notice" stage followed later by a "decertification" stage. *Mooney*, 54 F.3d at 1213-14. During the "notice" stage, the Court determines whether notice of the action should be given to potential class members. *Id.* Since the evidence available is limited, the standard applied is a lenient one, usually resulting in "conditional certification" of a representative class, to whom notice is sent and who receive an opportunity to "opt-in." *Id.* at 1214. Generally, after the close of discovery, the defendant initiates the second stage by filing a motion for "decertification." *Id.* At this stage, the Court makes a factual determination utilizing the information accrued from discovery on whether the plaintiffs are "similarly situated." *Id.* If the Court finds that the plaintiffs are "similarly situated," then the case proceeds as a representative action. *Id.* If the Court finds that the plaintiffs are not "similarly situated," then the class is decertified, the "opt-in" plaintiffs are dismissed without prejudice, and the original plaintiffs proceed to trial on their individual claims.

*Id.*

Here, utilizing this two-stage process in this case, *see e.g. Cruz v. Conocophillips*, 208 F.Supp.3d 811, 816 (S.D. Tex. 2016) (utilizing *Lusardi* approach); *Hernandez v. Robert Dering Construction, LLC*, 191 F.Supp.3d 675, 681 (S.D. Tex. 2016) (utilizing *Lusardi* approach), Plaintiffs have satisfied the lenient standard recognized in *Lusardi* for a class consisting of entertainers/dancers, but have not met the lenient standard for a class, or a sub-class, of bartenders. In the Declarations that have been submitted each Plaintiff describes their work duties as an entertainer/dancer, and the basis for their contention that Defendants were their employers. In addition, Plaintiff Maylene Velasco states in her Declaration that she knows of other entertainers/dancers who have expressed an interest in participating in this case. *See McKnight v. D. Houston, Inc.*, 756 F.Supp.2d 794, 801 (S.D. Tex. 2010) ("a plaintiff must make a minimal showing that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit."). There are no comparable statements in either Declaration about the "bartenders" employed by Defendants. While Plaintiffs maintain in their Reply that this doesn't matter as "bartenders" could be identified as a sub-class because there are illegal pay practices that are common to entertainer/dancers and bartenders, there is not enough evidence in the Declarations submitted for certification of a even sub-class of bartenders. The improper pay practice identified by both Plaintiffs with respect to the entertainers/dancers is their classification as independent contractors who were not paid at all by Defendants and only earned money from tips. In contrast. Plaintiff Velasco states in her Declaration that she was paid "a daily rate of $40 per shift" as a bartender, and received tips as well. These are

not, and cannot be viewed, as pay practices that would make the entertainers/dancers who worked at Moments similarly situated to bartenders who worked there. As such, a sufficient showing has not been made to warrant the inclusion of bartenders in the class to be certified as a collective action.

As for the proposed notice, each complaint lodged by Defendants to the proposed notice is valid. The notice should include the style and cause number of the case, should state that "the opt-in plaintiffs will be bound by the court's judgment, whether favorable *or* unfavorable," should inform potential opt-in plaintiffs that they may contact Plaintiff's counsel, or any attorney of their choosing to discuss the case, and should state that "the Court has not ruled on decided any of these issues, including the merits of the claims or defenses."

Based on the foregoing, the Magistrate Judge

RECOMMENDS that Plaintiffs' Motion for Conditional Certification and Request to Send Section 216(b) Notice (Document No. 9) be GRANTED in PART, that the Court conditionally certify a class of "all current or former exotic entertainers/dancers who worked at Moments at any time during the three years before July 14, 2017 up to the present and who were not paid overtime compensation or a minimum wage," and that Notice be sent to class members, which includes the language/revisions set forth above.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.

1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 4th day of May, 2018.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE