**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **CASEY NELSON and MAYLENE VELASCO, Individually and on Behalf of All Others Similarly Situated,** § § § § | |
| **Plaintiffs,** § § | |
| v. § | **CIVIL ACTION NO. 4:17-cv-02171** |
| § | |
| **TEXAS SUGARS, INC. D/B/A MOMENTS AND CINDY KHORSHIDPANAH,** § § § § | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

**PLANTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS & EMPLOYER STATUS**

Casey Nelson ("Nelson") and Maylene Velasco ("Velasco") (collectively, "Plaintiffs") file this Response to the Partial Motion for Summary Judgment on Statute of Limitations and Employer Status filed by Defendants Cindy Khorshidpanah and Texas Sugars, Inc.

**I. SUMMARY OF RESPONSE**

1.1  Whether a violation of the FLSA is willful is a question of fact for the jury. Plaintiffs have submitted evidence raising a genuine issue of material fact concerning the willfulness of Texas Sugars, Inc.'s FLSA violations. Texas Sugars, Inc. made a conscious and intentional decision not to pay Plaintiffs and other exotic dancers, to fine them, and to require dancers to pay "tip-outs" to Texas Sugars' own employees. Further, Texas Sugars claimed it made the decision to treat Plaintiffs and other dancers as independent contractors based on "common sense" and nothing more, without any regard for whether its conduct was prohibited by statute. Importantly, the record evidence reveals that Texas Sugars Inc. did not even treat dancers as

independent contractors according to its own understanding—making it crystal clear that Texas Sugars Inc.'s violations of the FLSA were willful.

1.2   Plaintiffs do not oppose the summary judgment with respect to Ms. Khorshidpanah's employer status.

## II.  INTRODUCTION AND BACKGROUND

2.1   Plaintiffs represent a class of six exotic entertainers that worked at Moments, a club operated by Texas Sugars, Inc. (hereinafter, "Moments"), and were not paid overtime or mimimum wage. Plaintiffs allege, and have testified, that they were classified as independent contractors, but in fact were treated as employees of Moments.[1] Moments does not deny that it did not pay Plaintiffs any wages or keep accurate employment records, but does provide a starkly different account of the working conditions experienced by Plaintiffs and other exotic dancers. The corporate representative of Moments testified that he decided to classify dancers as independent contractors based on "common sense," and he undertook no investigation whatsoever.[2] He explained what he thought made the dancers independent contractors rather than employees.[3] Importantly, the evidence submitted by Plaintiffs demonstrates that Moments did not, in fact, treat Plaintiffs and other dancers as independent contractors in accordance with its own "common sense" understanding.

## III. SUMMARY JUDGMENT STANDARD

3.1   Summary judgment is proper only when the pleadings, depositions, admissions, disclosure materials on file, and affidavits, if any, "show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a),

---

[1] *See, e.g.*, Ex. A., Velasco Dep. 19:1-17 (discussing club rules).
[2] Ex. B, Khorshidpanah Dep. 117:18 – 120:4.
[3] *Id.*

2

(c)(1). In other words, "the plaintiff, to survive the defendant's motion, need only present evidence from which a jury might return a verdict in his favor. If he does so, there is a genuine issue of fact that requires a trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986).

### IV.  ARGUMENT & AUTHORITY

4.1     To prove a "willful" violation for purposes of the three-year statute of limitations, a plaintiff must establish that "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988) (citing *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985)). "The Code of Federal Regulations defines reckless disregard as the "'failure to make adequate inquiry into whether conduct is in compliance with the Act.'" *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008) (quoting 5 C.F.R. § 551.104).  Further, "[t]he common law has generally understood 'recklessness' in the civil liability sphere as conduct violating an objective standard: action entailing "'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 49, 127 S. Ct. 2201, 2204, 167 L. Ed. 2d 1045 (2007).   Conduct that is merely negligent or unreasonable will not suffice to show willfulness. *McLaughlin*, 486 U.S. at 133.   Courts have found that that an employer's failure to keep accurate or complete records pursuant to 29 U.S.C. § 211(c) can support a finding of willfulness. *Bingham v. Jefferson County, Tex.*, No. 1:11-CV-48, 2013 WL 1312563, at *14 (E.D. Tex. Mar. 1, 2013) (citing *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 844 (6th Cir. 2002), *report and recommendation adopted as modified*, No. 1:11-CV-48, 2013 WL 1312014 (E.D. Tex. Mar. 27, 2013).

4.2 In its interrogatory responses, Moments states: "Defendant contends that it did not violate the FLSA nor did it commit willful violations because it believes and continues to believe that plaintiffs and [opt-in Plaintiffs] were properly classified as independent contractors given the defendant's understanding of the law."[4] When pressed on the basis of its belief, Moments responded that it was "common sense," and nothing more.[5] Moments further indicated that it was not familiar with the FLSA and did absolutely no investigation, relying simply on its own say so when determining whether dancers were employees or independent contractors.[6] Relying on one's own *ipse dixit* fits squarely within the definition of willfulness in *McGalughlin*, i.e., "reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin*, 486 U.S. at 133. It also certainly fits squarely within the definition of "reckless disregard" in the Code of Federal Regulations. *See Sanford-Orlando Kennel Club*, 515 F.3d at 1163 ("The Code of Federal Regulations defines reckless disregard as the 'failure to make adequate inquiry into whether conduct is in compliance with the Act.'" (quoting 5 C.F.R. § 551.104)). A reasonable factfinder could easily conclude that such willful ignorance is reckless under the circumstances.

4.3 The Supreme Court's discussion in *Thurston*, which was endorsed in *McGlaughlin*, is instructive:

> The manner in which FLSA § 16(a) has been interpreted therefore is relevant. In general, courts have found that an employer is subject to criminal penalties under the FLSA when he "**wholly disregards the law . . . without making any reasonable effort to determine whether the plan he is following would constitute a violation of the law**." This standard is substantially in accord with the interpretation of "willful" adopted by the Court of Appeals in interpreting the liquidated damages provision of the ADEA. The court below stated that a violation of the Act was "willful" if "the employer ... knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA." Given the legislative history of the liquidated damages provision, we think the "reckless disregard" standard is reasonable.

---

[4] Ex. B, Khorshidpanah Dep. 117:18 – 118:9.
[5] *Id* at 119:15-19.
[6] *Id.* at 119:24 – 120:4.

> The definition of "willful" adopted by the above cited courts is consistent with the manner in which this Court has interpreted the term in other criminal and civil statutes.

*Thurston*, 469 U.S. 111 at 126 (internal citations omitted). Thus, the court's "operative inquiry focuses on the employer's diligence in the face of a statutory obligation, not on the employer's mere knowledge of relevant law." *Mumby v. Pure Energy Services* (USA), Inc., 636 F.3d 1266, 1270 (10th Cir. 2011) (citing *McLaughlin*, 486 U.S. at 134–35 and *Thurston*, 469 U.S. at 129–30). Moments completely disregarded the law, choosing instead to rely on its own "common sense," thus demonstrating a complete lack of diligence in the face of its obligations under the law.

  4.4 Importantly, Moments disregarded its own understanding of the distinction between employees and independent contractors. For example, Moments' corporate representative testified: "We don't tell them that they have to stay there at a certain time. They can wear whatever they want to wear. They can come and go as they please. So based upon that, they're not club employees."[7] Yet, Plaintiffs have presented evidence that dancers were not in fact given the freedoms Moments claims they had.[8] The evidence presented by Plaintiffs indicates that in reality Moments exerted significant control over the dancers.[9] If Moments ultimately treated Plaintiffs inconsistently with its own understanding of how independent contractors should be treated, that is clear evidence that Moments acted willfully in misclassifying Plaintiffs. Of course, Moments may disagree that it exerted significant control over Plaintiffs and other dancers, but Plaintiffs have presented summary judgment evidence to the contrary.

---

[7] Ex. B, Khorshidpanah Dep. 119:10-14.

[8] *See, e.g.*, Ex. A, Velasco Dep. 28:17 – 29:9 (indicating dancers could not wear whatever they wanted to wear); 18:19-19:11 (indicating dancers were not free to come and go as they please and were required to work a minimum amount of hours in a shift).

[9] *See, e.g.*, Ex. A., Velasco Dep. 19:1-17 (discussing club rules), 25:19-20 (same); Ex. C Nelson's Response to Interrogatory No. 9.

4.5     Defendants did not pay Plaintiffs any compensation whatsoever—instead Plaintiffs had to pay Moments' employees in the form of "tip-outs" to Moments' managers, DJ's, bartenders, and waitresses. *See Reich v. Priba Corp.*, 890 F. Supp. 586, 595 (N.D. Tex. 1995) (discussing club's tip-out practice and noting that the "practice of collecting a tip out fee similarly violates the FLSA because the deduction further reduces the entertainers' wages below the minimum wage." (citing *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 330 (5th Cir.1993))); *see also Verma v. 3001 Castor, Inc.*, No. CIV.A. 13-3034, 2014 WL 2957453, at *3 (E.D. Pa. June 30, 2014) ("Defendant subjects all dancers to mandatory 'tip-outs'—a requirement that they tip certain of Defendant's employees").  Even a layperson using "common sense" should know that this practice is not typical of independent contractor arrangements.  Further, Defendants imposed various fines on Plaintiffs and other dancers for violations of club rules,[10] actions that are inconsistent with treatment of a laborer as an independent contractor. *See. e.g.*, *Clincy v. Galardi S. Enterprises, Inc.*, 808 F. Supp. 2d 1326, 1345 (N.D. Ga. 2011) (noting that "the Club's management has the authority to fine or otherwise discipline entertainers for not complying with the rules" and determining that "[d]efendants exercise a significant amount of control over the entertainers, and that this factor ways [sic] in favor of finding an employer-employee relationship").  Clearly, a business entity like Moments knows that designating dancers as independent contractors allows it to avoid paying dancers as employees and also saves money by avoiding employment taxes, minimum wage, workers' compensation, and other employment benefits. *See e.g., Mason v. Fantasy, LLC*, No. 13-CV-02020-RM-KLM, 2015 WL 4512327, at *11 (D. Colo. July 27, 2015) (club "knew that by designating the dancers as independent contractors [club] would save [] money by avoiding employment taxes, minimum wage, workers' compensation, and other sorts of

---

[10] Ex. A., Velasco Dep. 12:20-24; Ex. C, Nelson's Response to Interrogatory No. 12.

employment benefits." *Mason v. Fantasy, LLC*, No. 13-CV-02020-RM-KLM, 2015 WL 4512327, at *11 (D. Colo. July 27, 2015).

4.6     Even a layperson using "common sense," should realize that the tip-out practice and assessing fines for violations of club rules presents an obvious risk of violating labor laws—it should be even more obvious to a sophisticated business entity.[11] *See Id.* ("[A]n employee can show reckless disregard through "action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known."). Moments wholly disregarded the law without making any reasonable effort to determine whether the plan it was following would constitute a violation of the law. *Thurston*, 469 U.S. at 126.

4.7     Finally, it is undisputed that Moments did not keep any records in compliance with 29 U.S.C. § 211(c). Failure to keep maintain such records at the very least raises an inference that Moments sought to avoid its obligations under federal law and supports a finding of willfulness under the FLSA. *See Bingham*, 2013 WL 1312563, at *14 (failure to keep accurate or complete records of employment supports finding of willfulness); *see also Petty v. Russell Cellular, Inc.*, No. 2:13-CV-1110, 2014 WL 340417, at *3 (S.D. Ohio Jan. 30, 2014) ("[R]ecordkeeping violations cannot be used to satisfy an element of an overtime violation, although evidence of those recordkeeping violations may be admissible along with other evidence to show a willful overtime law violation."); *Perez v. T.A.S.T.E. Food Products, Inc.*, No. 5:13-CV-655-DAE, 2014 WL 412327, at *5 (W.D. Tex. Feb. 3, 2014) ("[A]n employer's recordkeeping practices may nonetheless corroborate an employee's claims that the employer acted willfully in failing to compensate for overtime wages."); *Nobels v. State Farm Mut. Auto. Ins. Co.*, No. 2:10–CV–04175–NKL, 2011 WL 3924920, at *2 (W.D. Mo. Sept.7, 2011) (dismissing plaintiff's separate

---

[11] *See* Ex. B, Khorshidpanah Dep. 14:23-18:16, 20:11-20 (discussing thirty years of experience in the exotic entertainment club industry).

cause of action for FLSA recordkeeping violations because there is no private cause of action, but holding the dismissal does not preclude plaintiffs from presenting evidence of recordkeeping violations to corroborate allegation of employer's willfulness in failing to compensate for overtime).

## V. **CONCLUSION**

5.1    Plaintiffs have, at the very least, provided evidence creating a genuine issue of material fact with respect to Moments' willful violation of the FLSA's minimum wage and overtime provisions.  Not only did Moments wholly disregard the law without making any reasonable effort to determine whether its treatment of dancers would constitute a violation of the law, there is ample record evidence that Moments deliberately disregarded its own understanding of the difference between employees and independent contractors.  These factors considered in conjunction with Moments' failure to maintain records in compliance with the FLSA could easily lead a reasonable juror to conclude that Moments acted willfully.

WHEREFORE, Plaintiffs pray that the Court enter an order denying Defendants' motion with respect to willfulness and for all other relief to which they are entitled.

Respectfully submitted,

**WYLY & COOK, PLLC**

By:   /s/ *Warren A. Berlanga*
    Warren A. Berlanga
    wberlanga@wylycooklaw.com
    State Bar No. 24085199
    S.D. Tex. Bar No: 2611869
    Kelly E. Cook
    kcook@wylycooklaw.com
    State Bar No. 24062675
    S.D. Tex. Bar No: 1022069
    4101 Washington Ave. 2nd Floor
    Houston, TX 77007
    Telephone: (713) 236-8330
    Facsimile: (713) 863-8502
    **Counsel for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been sent to counsel of record by means of ECF this 25th day of February, 2019 to:

Casey T. Wallace
William X. King
FELDMAN & FELDMAN, PC
3355 W. Alabama St., Suite 1220
Houston, Texas 77098
Tel: (713) 986-9471
Fax: (713) 986-9472
**Attorneys For Defendants**

    /s/ *Warren A. Berlanga*