United States District Court
Southern District of Texas
**ENTERED**
March 06, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| CASEY NELSON, *et al*, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:17-CV-2171 |
| TEXAS SUGARS INC., *et al*, | § § § | |
| Defendants. | | |

### **ORDER**

Before the Court are Defendants' Motion for Partial Summary Judgment (the "Motion") (Doc. #24), Plaintiffs' Response (Doc. #29), and Defendants' Reply (Doc. #34). Having reviewed the parties' arguments and applicable legal authority, the Court grants in part and denies in part the Motion.[1]

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. "A genuine dispute as to a material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. [Courts must construe] all facts and inferences in the light most favorable to the nonmoving party. But, summary judgment may not be thwarted by conclusional allegations,

---

[1] Defendant Cindy Khorshidpanah moves the Court to dismiss her from this action because "she is not considered an 'employer' within the meaning" of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. Doc. #24 at 1. Plaintiffs are unopposed to the Motion "with respect to Ms. Khorshidpanah's employer status." Doc. #29 at 2. Accordingly, because (1) the claims asserted by Plaintiffs under the FLSA are directed against their former employer and (2) Plaintiffs do not contest Khorshidpanah's status as a non-employer, the Court grants the Motion with respect to this Defendant. *See* Doc. #1 at 8–10; Doc. #29 at 2.

unsupported assertions, or presentation of only a scintilla of evidence." *Rogers v. Bromac Title Services, L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (internal citations omitted).

Plaintiffs allege unpaid minimum wage and unpaid overtime compensation claims under the FLSA (29 U.S.C. §§ 206–07) against Defendant Texas Sugars, Inc. d/b/a Moments ("Texas Sugars"). Doc. #1 at 8–10. Now, Texas Sugars moves the Court to find as a matter of law that the violations of the FLSA alleged by Plaintiffs against Texas Sugars were not willful and, as a result, application of a two-year statute of limitations to Plaintiffs' claims is proper.

The FLSA provides that claims similar to that of Plaintiffs "must be commenced within two years except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 129 (1988) (quoting 29 U.S.C.§ 255(a) (West Supp. 2019)) (cleaned up). A willful violation is one where "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Id.* at 133.

Here, the Court finds that a material fact issue exists as to whether Texas Sugars' alleged violations of the FLSA were willful. Accordingly, because a material fact issue exists regarding the willfulness of Texas Sugars' alleged FLSA violations, the Court denies the Motion as to any claims arising from events that occurred between three and two years prior to Plaintiffs' filing of their Complaint on July 14, 2017 (*i.e.*, between July 14, 2014, and July 14, 2015). However, in its Response, Plaintiffs do not contest that claims arising from events that occurred before July 14, 2014, are time-barred regardless of the willfulness of Texas Sugars' alleged conduct. Accordingly, the Court grants the Motion as to any claims arising from events that occurred before July 14, 2014.

For the foregoing reasons, the Motion is hereby granted in part and denied in part. As to the non-employer status of Defendant Cindy Khorshidpanah, the Motion is hereby GRANTED. Accordingly, because (1) the claims asserted by Plaintiffs under the FLSA are directed against their former employer and (2) Plaintiffs do not contest Khorshidpanah's status as a non-employer, Defendant Cindy Khorshidpanah is hereby DISMISSED from the case. As to the unpaid minimum wage and unpaid overtime FLSA claims asserted against Texas Sugars that arose from events occurring before July 14, 2014, the Motion is hereby GRANTED. As to the unpaid minimum wage and unpaid overtime FLSA claims asserted against Texas Sugars that arose from events occurring on or after July 14, 2014, the Motion is hereby DENIED.

It is so ORDERED.

MAR 0 6 2019
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge